Anna R. **CATES**, Plaintiff,

v.

Donald **JOHNSON**, as Administrator of the Veterans Administration, Defendant.

Civ. A. No. 73–983.

United States District Court,
W. D. Pennsylvania.

Aug. 6, 1975.

David B. Washington, Pittsburgh, Pa., for plaintiff.

Henry Barr, Asst. U. S. Atty., for defendant.

OPINION

GOURLEY, District Judge.

This matter is before the Court on remand from the United States Court of Appeals for the Third Circuit who determined that an aggrieved federal employee who brings suit in the District Court under 42 U.S.C.A. § 2000e–16(c) *et seq.* is entitled to a trial de novo. In the instant case, plaintiff, a federal employee, filed a complaint pursuant to the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. § 2000e–16(c) *et seq.* alleging that she was subject to sex and racial discrimination by the Veterans Administration. The Court has conducted a full and complete trial and has considered the arguments of counsel and must conclude that the evidence does not support plaintiff's contention that she was discriminated against because of her race and/or sex.

The Equal Employment Opportunity Act prohibits discrimination based on race, color, religion, sex, or national origin. To accomplish this goal the Act empowered the Civil Service Commission to enforce this prohibition through appropriate remedies. Congress also granted the individual the right to pursue a remedy through the Courts. The intention of Congress can only be such as to have both the Courts and the Commission work together to complement one another's weaknesses and strengths.

The law is clear that the burden is on the federal employee who brings the action in District Court to prove his or her discrimination case by the preponderance of the evidence. Civil Rights Act of 1964, § 717 as amended, 42 U.S.C.A. § 2000e–16(c) *et seq.*

The facts may briefly be stated. On October 19, 1970 plaintiff was transferred from the position of secretary GS–5 at the Veterans Administration Hospital in Pittsburgh, Pennsylvania to the position of personnel clerk GS–5. This transfer was accomplished in lieu

of reduction-in-force and necessitated waiving a two year work requirement for the personnel position, which, when all possible prerequisites are met is normally a position for a GS–6 classification.

The sole question before the Court is whether plaintiff has established by the preponderance of the evidence that she was treated differently because of her race and/or sex than were her other co-workers; and as a result of said discrimination, she was denied a grade GS–6 when in fact she was doing the work classifiable at that grade.

The Court has considered not only the testimony before it but also the administrative record as stipulated to by the parties. The evidence clearly established that there was and still is a great deal of friction, distrust, bitterness, tenseness, and uneasiness existing between all the parties concerned. Notwithstanding a desire to correct a situation which it feels to be counter-productive, especially when a governmental agency is involved, the Court is constrained to consider the evidence only as it relates to a possible violation of the complainant's rights. In this respect, the Court can find no evidence to support plaintiff's contention that she was discriminated against because of her race and/or sex.

Plaintiff was not promoted to a GS–6 at the time of her transfer simply because she lacked the experience required for a GS–6 personnel position under the standards published by the Civil Service Commission. Plaintiff's prior work experience involved secretarial duties; substantive contact with patients, physicians and other hospital personnel concerning research projects; maintaining research data; and other secretarial duties requiring a high degree of independence. The qualification standard for personnel clerk, grade GS–6, requires three years of specialized experi-

ence. Specialized experience is defined as that experience which requires the applicant to acquire and apply knowledge of the rules, regulations, procedures and program requirements of one or more areas of a personnel system such as that of a large corporation. In view of the above standards, it is quite obvious that plaintiff's experience as a secretary in a research laboratory setting is not experience in an area of a personnel system and as such does not qualify as specialized experience for a personnel clerk.

Plaintiff, nevertheless, feels that she was doing the work of a GS–6 and therefore deserved the pay equivalent thereto. Even if the Court were to ignore plaintiff's lack of qualifications, it can no way find evidence to support plaintiff's contention that she was satisfactorily performing the work of a GS–6. To begin with, the record reveals that plaintiff's duties were not at the grade GS–6 degree of difficulty. In fact, agency personnel officials, Mr. Varnak, Mr. Hart and Mr. Clougherty testified that in their opinions the position involved duties which were not at a grade GS–6 difficulty. Furthermore, the record reveals that plaintiff was not able to perform her job without assistance. It was plaintiff who requested of the defendant a cut down in her work load as well as assistance in performing her job.

Finally, the Court can find no merit to plaintiff's contention that the defendant waived or ignored the applicable requirement standards for others.

In view of the fact that the plaintiff has not prevailed, no basis exists to award the plaintiff attorneys fees.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.